UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNIE JOHN SPRAGUE,

      Plaintiff,

v.
                                          Case No. 11-13492
                                          Honorable Patrick J. Duggan

MICHAEL J. ASTRUE, Commissioner of
Social Security,

      Defendant.
_____/

## OPINION AND ORDER

Plaintiff applied for Social Security Disability Insurance Benefits and Supplemental Security Income ("benefits") in May 2008, alleging that he became disabled due to mental and shoulder impairments on June 30, 2006. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, Administrative Law Judge Andrew G. Sloss ("ALJ") conducted a *de novo* hearing on March 15, 2010. The ALJ issued a decision on June 17, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment. This matter has been referred to a magistrate judge and was assigned to Magistrate Judge David R. Grand on December 2, 2011. On August 7, 2012, Magistrate Judge Grand filed his Report and

Recommendation (R&R) recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's motion, and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. Magistrate Judge Grand determines that the ALJ erred in his assessment of Plaintiff's shoulder impairment, finding incorrectly that Plaintiff's problems had persisted for only the past six months. At the conclusion of the R&R, Magistrate Judge Grand advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Defendant filed objections to the R&R on August 21, 2012.

## **Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion.

*Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## **Analysis**

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently

      engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

2.   At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3.   At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id*.

4.   At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5.   At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 30, 2006.  (A.R. at 17.)

[2] The ALJ concluded that Plaintiff has the following severe impairment: bipolar disorder.  (A.R. at 17.)  With respect to Plaintiff's alleged disability due to shoulder injury, the ALJ found that the medical evidence indicates problems for only the preceding six months.  (A.R. at 19.)  The ALJ therefore concluded that Plaintiff's alleged shoulder impairment did not meet the durational requirement to constitute a severe impairment within the meaning of the Social Security Act.  (*Id*.)

[3] The ALJ analyzed whether Plaintiff's impairment met any of the listed impairments and determined that it did not.  *(*A.R. at 19.)

[4] The ALJ found that Plaintiff would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is able to perform unskilled work involving 1 and 2 step instructions with limited need for sustained concentration.  (A.R. at 20.)

claimant can perform, the ALJ must find that he or she is disabled.[5] *Id.*

Defendant raises one objection addressing the magistrate judge's conclusion with respect to Plaintiff's alleged shoulder impairment. Magistrate Judge Grand concludes that the ALJ erred in finding that Plaintiff's shoulder impairment was not severe because it did not meet the Social Security Act's durational requirement and in failing to consider its limitations on Plaintiff's residual functional capacity. Defendant argues that there is no significance to the ALJ's failure to include Plaintiff's shoulder impairment in evaluating whether he has a severe impairment at step two of the sequential evaluation process, as the ALJ found that Plaintiff did have a severe impairment requiring analysis at the next step. Defendant argues that the ALJ then considered the medical evidence to conclude that Plaintiff's shoulder problems did not result in more than minimal limitations on Plaintiff's ability to perform work-related activities. Defendant contends that there is substantial evidence in the record to support the ALJ's conclusions.

The ALJ found from the record that Plaintiff only had problems with his shoulder for the preceding six months. He wrote that while Plaintiff "testified to shoulder pain off and on since 1988 . . . evidence indicates only recent shoulder pain." (A.R. at 21.) This finding is inconsistent with the record, as summarized by Magistrate Judge Grand in his R&R. (*See* A.R. at 23-24.) In other words, the ALJ's conclusion is not supported by

---

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations. (A.R. at 22-23.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id.* at 23.)

5

substantial evidence. The ALJ's opinion suggests that he did not adequately review the medical records indicating Plaintiff's past complaints of shoulder pain and restrictions on his physical activities due to such pain. The ALJ's decision therefore does not reflect that he considered all of the medical evidence to properly consider whether specific limitations result from Plaintiff's shoulder impairment.

The Court agrees with Magistrate Judge Grand that the matter should be remanded for consideration of the apparently overlooked treatment records concerning Plaintiff's alleged shoulder impairment to assess whether it imposes any limitations on his ability to do physical work activities on a sustained basis.

### Summary

Substantial evidence does not support the ALJ's finding that Plaintiff only experienced shoulder pain in the six months preceding the administrative hearing. Medical evidence in the record reflects that Plaintiff has experienced shoulder problems since 2007 or 2008. It appears that the ALJ overlooked those records, and thus did not take them into consideration when evaluating whether Plaintiff has a shoulder impairment that requires limitations on his residual functional capacity. The Court therefore adopts Magistrate Judge Grand's R&R dated August 7, 2012.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the R&R.


Dated:September 14, 2012        s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
David M. Stewart, Esq.
AUSA Lynn M. Dodge
Magistrate Judge David R. Grand

7